UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO LOPEZ LINARES,

    Plaintiff,

v.                                Case No. 8:18-cv-985-T-33CPT

ORLANDO SUAREZ,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Mediator Peter Grilli's Motion for Relief (Doc. # 84), filed on April 29, 2019. Defendant Orlando Suarez failed to file a response in opposition to the Motion for Relief, despite this Court's direction to do so. (Doc. ## 85, 89). For the reasons that follow, the Motion is granted.

**I.   Background**

On April 23, 2018, Plaintiff Pedro Lopez Linares filed this action against Suarez for fraud, conversion, breach of fiduciary duty, and breach of contract. (Doc. # 1). On October 5, 2018, the Court appointed Grilli as mediator, and the parties scheduled mediation for January 17, 2019. (Doc. ## 40-41, 43, 45). After scheduling mediation, Grilli sent an engagement letter to the parties' attorneys, which stated

1

Grilli's hourly rate was $400.00 and failure to provide fourteen-days notice of a cancellation could result in a minimum charge of five hours. (Doc. # 84 at 3-5).

Thereafter, Suarez's counsel withdrew because Suarez was unresponsive and unable to continue paying his legal fees. (Doc. ## 49-50). On January 7, 2019, following the withdrawal of his counsel, Suarez moved to reschedule mediation, so he could obtain new counsel. (Doc. # 53). On January 10, 2019, the Court granted Suarez's motion and explained that Suarez was "responsible for any additional/cancellation fees the mediator may impose." (Doc. # 56). Mediation was rescheduled for April 29, 2019 (Doc. ## 57-58), but Suarez again moved to continue mediation on April 9, 2019 (Doc. # 70), which the Court granted. (Doc. # 74).

On April 29, 2019, Grilli filed the instant Motion for Relief, requesting the Court enter an Order directing Suarez to pay the unpaid mediation fee for the mediation conference that was cancelled in January. (Doc. # 84). Grilli sent his bill for the cancelled mediation to Lopez Linares and Suarez on January 17, 2019, and Suarez did not object to the bill. (Id. at 1). In fact, Suarez agreed to pay the $1,850.00 mediation bill over four payments of $462.50, beginning on January 28 and concluding on April 28, 2019. (Id. at 1-2, 11-

12). However, Suarez has not made any payments, and he has failed to respond to Grilli's emails. (Id. at 2). The Court directed Suarez to respond to Grilli's Motion for Relief by May 15, 2019; however, Suarez failed to file a response. (Doc. # 85). The Court then directed Suarez to show cause by May 24, 2019, as to why he should not be ordered to pay the unpaid mediation bill. (Doc. # 89). Again, Suarez did not respond.

## II. Analysis

"It is axiomatic that the Court has the authority to enforce its own Orders and the Local Rules and require [parties] and [their] counsel to pay the outstanding mediation bill as well as additional fees for failing to pay the mediation bill in a timely matter." Ibezim v. GEO Grp., Inc., No. 17-80572-CIV-MARRA, 2019 WL 1566507, at *3 (S.D. Fla. Mar. 15, 2019). Here, the Court directed Suarez to pay the cost of the cancelled mediation, and Suarez agreed to pay Grilli. (Doc. # 56; Doc. # 84 at 11-12). Suarez has failed to pay the cancelled mediation fee, and he has been unresponsive to Grilli and this Court. Indeed, the Court has twice directed Suarez to respond to Grilli's Motion for Relief, yet he has failed to do so.

This is not the first instance of unresponsiveness either, as Suarez has failed to respond to Lopez Linares's

discovery requests. See (Doc. # 61 at ¶¶ 9-17). Furthermore, because Suarez failed to respond to Grilli's Motion, the Court presumes the Motion is unopposed. See Hicks v. Deepwater Glob. Distribution, Inc., No. 6:17-cv-1472-Orl-41TBS, 2018 WL 3427876, at *1 (M.D. Fla. July 16, 2018) ("When a party fails to respond, that is an indication that the motion is unopposed.").

For these reasons, Grilli's Motion for Relief is granted. See Southwick v. Pystmo, LLC, No. 2:16-cv-625-FtM-29CM, 2018 WL 3756964, at *2 (M.D. Fla. July 31, 2018) (granting mediator's motion to compel payment of mediation fee after defendant failed to respond); Jackson v. Hobart Enters., Inc., No. 8:06-cv-1759-T-30MAP, 2008 WL 2439345, at *1 (M.D. Fla. June 13, 2008) (granting mediator's motion to enforce payment of mediation fee after defendant failed to respond).

By June 25, 2019, Suarez is directed to pay Grilli $1,850.00 for the cancelled mediation. Failure to comply with this Order may result in sanctions against Suarez, including the striking of his answer and entry of default. See Jackson, 2008 WL 2439345, at *1 (granting mediator's motion to enforce payment of mediation fee, striking defendant's answer, and directing a default be entered against defendant); accord

4

Gen. Conference Corp. of Seventh-Day Adventists v. McGill, No. 06-cv-1207, 2009 WL 1505738, *3-5 (W.D. Tenn. May 28, 2009) (adopting magistrate judge's recommendation that a default judgment be entered against a defendant who refused to mediate as a matter of "civil disobedience"), aff'd, 617 F.3d 402 (6th Cir. 2010).

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

Mediator Peter Grilli's Motion for Relief (Doc. # 84) is **GRANTED**. Grilli is awarded $1,850.00, to be paid by Defendant Orlando Suarez by **June 25, 2019.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of May, 2019.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE